IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1995 SESSION

FILED

September 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | NO. 03C01-9502-CR-00037 |
| | ) | |
| | ) | BLOUNT COUNTY |
| V. | ) | NO. C-8150 |
| | ) | |
| | ) | HON. D. KELLY THOMAS, JUDGE |
| ROBERT L. MILLER, | ) | |
| | ) | (incest, one count) |
| | ) | |
| Defendant/Appellant. | ) | |

FOR THE APPELLANT:

Kevin Shepherd
404 Ellis Avenue
Maryville, Tennessee 37801

Robert C. Edwards
707 Market Street
Knoxville, Tennessee 37902

FOR THE APPELLEE:

Charles W. Burson
Attorney General and Reporter

Lisa A. Yacuzzo
Assistant Attorney General
404 James Robertson Parkway
Nashville, Tennessee 37243

Mike Flynn
District Attorney General
Blount County Courthouse
Maryville, Tennessee 37801

OPINION FILED: _____

Affirmed

Lee Russell, Special Judge

**OPINION**

This case is an appeal as a matter of right by Robert L. Miller ("Appellant"), who was convicted of one count of incest in violation of Tennessee Code Annotated § 39-15-302. The Appellant appeals from the judgment of the Hon. D. Kelly Thomas, Jr., Judge of the Circuit Court of Blount County, Tennessee, who denied the Appellant's application for probation and imposed a sentence of five years in the local jail with work release. The Appellant challenges both the denial of probation and the length of the sentence given. We affirm the trial judge's denial of probation and the imposition of the five year sentence.

On January 31, 1994, the Blount County Grand Jury indicted the Appellant on a single count of incest. The indictment alleged that the Appellant sexually penetrated his daughter, Amanda J. Miller, in May of 1993. The Appellant waived his right to a trial by jury and entered a plea of guilty on August 2, 1994. A sentencing hearing was conducted on September 27, 1994, at which the State presented no live witnesses but rather relied upon the Presentence Report. The Appellant also offered no live testimony but relied upon the Presentence Report and on a letter from a Bill Tillery, a licensed clinical social worker. The report of a Dr. Abraham Brietstein, Ph.D., with Clinical and School Associates, was part of the Presentence Report.

The trial judge found two enhancing factors that he said would cause the sentence to be increased from the minimum sentence of three years up to six years. These enhancing factors were the fact that the victim was particularly vulnerable due to her age and that the Appellant abused a position of trust that significantly facilitated the commission or fulfillment of the offense. The trial court also found as a sentencing consideration under Tennessee Code Annotated § 40-35-103(1)(B) that incarceration was necessary to avoid depreciating the seriousness of the offense and that confinement was particularly suited to provide an effective deterrence to others likely to commit similar offenses. The trial judge found two mitigating factors present which caused him to reduce the sentence from six years back down to five years, which is the sentence that was ultimately imposed. The judge allowed the sentence to be served in the local jail and

granted the Appellant work release contingent on his ability to find employment.

The Appellant argues that the two enhancing factors applied by the trial court should not have been applied because they were not supported by the evidence and because they are elements of the offense of incest. The Appellant argues that the trial judge treated the two mitigating factors present here as only one, when they should have been treated as two, specifically, cooperation in the investigation under Tennessee Code Annotated § 40-35-113(9) and voluntary participation in counseling under Tennessee Code Annotated § 40-35-113(13). The Appellant argues that the trial judge improperly relied upon the nature of the offense itself in refusing to grant probation. Finally, the Appellant argues that Tennessee Code Annotated § 40-35-102(6) and § 40-35-303(a) create a presumption in favor of probation which was not overcome at the sentencing hearing.

The standard of review of the denial of probation and of the length of the sentence given in this case is set out in Tennessee Code Annotated § 40-35-401(d) as being a *de novo* review on the record with a presumption that the determinations made by the court from which the appeal was taken are correct. The requirement that the appellate court presume the correctness of the determinations made by the trial court is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. See *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991). In conducting this *de novo* review of a sentence, the appellate court must consider any evidence received at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel relative to sentencing alternatives, the nature and characteristics of the offense, any mitigating and enhancing factors, any statements made by the defendant in his own behalf, and the defendant's potential or lack of potential for rehabilitation or treatment, the factors set out in Tennessee Code Annotated § 40-35-210(b) for the trial judge to consider in setting the specific sentence and the appropriate sentencing alternatives. See *Ashby; State v. Thomas,* 755 S.W.2d 833 (Tenn. Crim. App. 1988).

3

Incest is a class C felony and carries a sentence of three to six years. The trial judge properly began his determination of the Appellant's sentence with the lowest figure in the range, three years. Tennessee Code Annotated §40-35-210(c). The trial court then found two enhancing factors to raise the sentence tentatively to six years. Appellant's challenge to the application of these enhancing factors and his objection to the sentence of five years is entirely contrary to the position taken by his counsel at the sentencing hearing. Defense counsel told the trial judge at the sentencing hearing, "[T]o start with the enhancing and mitigating factors, I agree with [District Attorney] General Flynn that the two factors that he cited today would apply in this case." The two factors cited by General Flynn were the same two enhancing factors ultimately applied by the trial judge. The Appellant's counsel conceded at the sentencing hearing that "the court can set the sentence above the minimum range and would be justified under the law in doing so. . . ." The Appellant's counsel at the sentencing hearing even went so far as to suggest a sentence "somewhere in the four-to-five year range," where the trial judge ultimately set the sentence.

The Appellant now cites the case of *State v. Adams,* 864 S.W.2d 31 (Tenn. 1993), for the proposition that age alone is not a sufficient basis for enhancement absent proof of actual natural physical and mental limitations of the victim. This enhancing factor can be used only if the victim, because of his or her age or physical or mental condition, was in fact "particularly vulnerable," that is, incapable of resisting, summoning help, or testifying against the perpetrator. *Id.* at 35. The State bears the burden of proving the victim's limitations rendering him or her particularly vulnerable. *Id.* The Supreme Court in *Adams* held that the record would not support the conclusion that the victims were particularly vulnerable, in spite of the fact that the victims were only four, five, and twelve years of age. This court has applied *Adams* to hold that the mere proof that a victim is twelve is insufficient to support application of the vulnerability enhancement factor. See *State v. Hayes,* 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995).

The record from the Appellant's sentencing hearing is devoid of any evidence of

4

the victim's mental or physical attributes. However, the large physical size of the Appellant, that he is six feet one inch tall and weighs 265 pounds, is in evidence. Also in evidence is the fact that the Appellant was thirty-three years of age when the incest was committed, as compared with the victim, who was only twelve at the time. This court has held that evidence of age alone, without proof of the specifics of the victim's physical and mental limitations, is sufficient to sustain application of the vulnerability enhancement factor where the perpetrator is relatively much older. See *State v. Beachboard,* No. 03C01-9302-CR-00041, 1993 Ct. Crim. App. LEXIS 629 (victim was fifteen and perpetrator was thirty-four). In the case *sub judice*, the perpetrator was not only years older but was also of very large size and was quite intoxicated at the time of the incident, supporting the trial court's conclusion that the victim was vulnerable in relation to the Appellant.

The Appellant's argument that vulnerability is a necessary element of incest and therefore cannot be considered as an enhancing factor under the terms of Tennessee Code Annotated § 40-35-114(4) is likewise without merit. The incest statute makes no reference to the age of the victim or to the physical or mental vulnerability of the victim or to the relative physical or mental strength or relative ages of the victim and the perpetrator. This court has expressly held that vulnerability due to age is not an element of the crime of incest. *State v. Pruitt,* No. 10C01-9304-CR-000123, 1994 Tenn. Crim. App. LEXIS 198 at p. 7.

The second enhancing factor applied was the assertion that the Appellant abused a position of private trust in a manner that significantly facilitated the commission of the offense. The record supports the application of this factor. The Appellant is the biological and legal father of the victim. The Appellant lived in the same household with the child and had authority over her. The exercise of that authority allowed him to be with her alone, which allowed the abuse to occur. The Appellant argues that the position of trust cannot be used as an enhancing factor under Tennessee Code Annotated § 40-35-114(15) in an incest case because the existence of the trust is an essential element of

5

the crime. This court has held that the existence of a position of trust is not an essential element of the crime of incest because Tennessee Code Annotated § 39-15-302 prohibits sexual penetration among a wide range of relations, including a parent and child. *Pruitt* at 7.

The record does not support the claim that the trial judge failed to consider the Appellant's cooperation in the investigation of the crime and his voluntary participation in counseling as separate mitigating factors. Examination of the record reveals that the trial judge did consider both of these mitigating factors separately, and the record reveals that neither the Appellant's cooperation in the investigation nor his participation in counseling was total or entirely voluntary. The trial judge expressly stated on the record as follows: "The mitigating factors that the court finds to be appropriate are the *ones* listed in the presentence report involving the cooperation of the Defendant and the fact that he has *also* engaged in counseling." [emphasis added] The Presentence Report reads as follows as to mitigating factors:

> Mitigating factors:
>
> The following mitigating factors were filed by the defense:
>
> 1. The Defendant cooperated with investigating authorities to the fullest extent possible in regard to the offense.
>
> 2. The Defendant voluntarily engaged in counseling to address the circumstances for this offense and has received a favorable report from the counselor.

It is apparent that the trial judge took both of these mitigating factors into account.

The Defendant's cooperation was less than complete in that he never admitted recalling any details of what he did to his daughter. In the preparation of the Presentence Report, he is quoted as initially reporting concerning the incident, "I have no version or reason." He then denied recalling the incident and explained that he had a "borderline multiple personality" disorder. Dr. Brietstein's report states that the Appellant claimed that he could not recall the incident because he was too intoxicated to recall the details. Dr. Brietstein concludes that "his explanation is unlikely to be true, it being much more

likely that he remembers more than he is willing to tell. " The trial judge noted that the Appellant "says he thinks his daughter is telling the truth, but he won't take enough of the responsibility to acknowledge that he knows what he did and was aware of it while he did it."

The Appellant's cooperation in counseling was likewise less than complete and voluntary. He did participate in counseling before he was ever indicted, and he did participate in both group counseling and family counseling with his wife and daughter. However, the counseling did not begin until after the accusations of sexual abuse had been made. Dr. Brietstein reports that the Appellant "was referred subsequent to allegations by his daughter that he had sexually abused her." Mr. Tillery's report indicates that he saw the Appellant on a referral from a Maryville Police Department detective, suggesting that counseling followed an investigation of the incident, making it less voluntary than it would have been had it been sought prior to commencement of an investigation.

More importantly, even at the time of the sentencing hearing, the Appellant had not sought or participated in an alcohol treatment program of any kind, in spite of the fact that severe intoxication was one explanation he gave for not recalling the details of the incest. Dr. Brietstein's report indicated that the Appellant "does appear likely to be an alcoholic." The doctor chronicled "quite a history of alcohol abuse" dating back to the age of thirteen. By seventeen, the Appellant was drinking heavily, and for a period of a year he drank a case of beer or a fifth of liquor each day. He admitted prior use of cocaine, amphetamines, LSD (fifteen to seventeen times), and marijuana. The trial judge complained about the failure of the Appellant to seek treatment for his substance abuse. The trial judge correctly considered the mitigating and enhancing factors, and the weight given to those factors is left to the trial judge, provided that he complies with the purposes and principles of the Sentencing Reform Act of 1989 and provided his findings are supported by the record. See *State v. Hayes,* 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995). The sentence is affirmed.

7

The final issue to be determined is whether the trial judge erred in failing to grant the Appellant probation. A trial court must presume that a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is subject to alternative sentencing. See *State v. Byrd,* 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. *Id.* at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for full probation under Tennessee Code Annotated § 40-35-303(b). See *State v. Boggs,* 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Even though probation must automatically be considered, the defendant is not automatically entitled to probation as a matter of law. See *State v. Hartley,* 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991); see also Sentencing Commission Comments to Tennessee Code Annotated § 40-35-303(b).

The trial judge not only considered alternative sentencing but did in fact grant two forms of alternative sentencing. Tennessee Code Annotated § 40-35-104(c) lists the various sentencing alternatives available to a trial judge. Subsection (c)(5) of that statute lists as a sentencing alternative a "sentence of continuous confinement in a local jail or workhouse." The trial judge here used this alternative. Subsection (c)(6) of the sentencing alternative statute lists work release as such an alternative. The trial judge in the case here used this alternative also.

This court has held that a trial judge has met the statutory presumption created by Tennessee Code Annotated § 40-35-102(6) in favor of alternative sentencing if the court selects one of the sentencing alternatives listed in Tennessee Code Annotated § 40-35-104. See *State v. Allison,* No. 03C01-9403-CR-00106, 1995 Tenn. Crim. App. LEXIS 260. If one of these alternatives is applied, the argument then becomes whether or not the correct alternative was selected. *Id.* The *Allison* court held that where the trial court has selected a sentencing alternative listed in Tennessee Code Annotated § 40-35-

8

104, the appellate court will not second-guess the sentencing decision of the trial court as to the particular alternative chosen unless the record establishes compelling reasons for doing so. The court in *Allison,* relying heavily on *State v. Ashley,* 823 S.W.2d 166 (Tenn. 1987), upheld a sentence of split confinement in a case in which the defendant argued for full probation.

The Appellant asserts that the trial judge did not consider probation and that he denied probation entirely on the basis of the nature of the crime of incest. The nature of the crime alone is not grounds to deny probation. See *State v. Hartley,* 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991) (fact that substance involved was cocaine did not in and of itself justify denying probation). However, the trial court in the case *sub judice* did not base his denial only on the nature of the crime of incest. He cited a number of other considerations and expressly found that confinement was necessary to avoid depreciating the seriousness of the offense, a sentencing principle found at Tennessee Code Annotated § 40-35-103(1)(B). The trial court also considered the potential or lack of potential for the rehabilitation or treatment of the Appellant and considered the deterrent effect of the incarceration.

The trial judge found that the Appellant was less than entirely candid about his recollection of the incident and that he was less than straightforward in accepting responsibility for his actions. A defendant's truthfulness in providing information for his sentencing hearing is probative of the defendant's attitude toward society and probative of his prospects for rehabilitation. See *State v. Byrd,* 861 S.W.2d 377 (Tenn. Crim. App. 1993). Dr. Brietstein's report confirms the trial judge's conclusion that the Appellant was not truthful about his recollections of the incident. The Appellant continued to drink and did not seek treatment for alcohol abuse, which was a major consideration by the trial judge. The evidence concerning the incident of incest and the evidence of the Appellant's history of alcohol and drug abuse support the trial judge's conclusion that the Appellant needed treatment. The failure to seek alcohol treatment and a defendant's

insistence on continuing to drink after committing a crime in which alcohol was involved bear upon the defendant's prospects for rehabilitation. See *State v. Karnes,* No. 01C01-9606-CR-00249, 1997 Tenn. Crim. App. LEXIS 486.

The trial court also noted that the Appellant could have been convicted of aggravated rape under Tennessee Code Annotated § 39-13-502(a)(4) since the victim of the crime was under the age of thirteen. Aggravated rape is a class A felony, and the Appellant therefore could have received a sentence of fifteen to twenty-five years as a Range I offender. A trial court is allowed to look behind the plea bargain and consider the true nature of the offense committed in making sentencing determinations. See *State v. Hollingsworth,* 647 S.W.2d 937, 939 (Tenn. 1983).

The alternative sentencing imposed in this case was proper, and the Appellant failed to meet his burden of proof to establish that he was entitled to probation. The trial judge properly sentenced the Appellant under the Sentencing Reform Act, and the length of the sentence imposed was proper and was based on the factors to be considered under that statutory scheme. The judgment below is affirmed.

_____
LEE RUSSELL, SPECIAL JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE