IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

July 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9808-CC-00232 |
| Appellee, | ) | |
| | ) | Lake County |
| v. | ) | |
| | ) | Honorable R. Lee Moore, Jr., Judge |
| MERRIAN LOGAN, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |


FOR THE APPELLANT:

CLIFFORD K. McGOWN, JR.
113 North Court Square
P. O. Box 26
Waverly, TN 37185
(On Appeal)

G. STEPHEN DAVIS
District Public Defender
208 North Mill Avenue
P. O. Box 742
Dyersburg, TN 38025-0742
(At Trial and Of Counsel on Appeal)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, 2nd Floor
Nashville, TN 37243-0493

C. PHILLIP BIVENS
District Attorney General
P. O. Drawer E
Dyersburg, TN 38025-0220


OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Merrian Logan, referred herein as the "defendant," appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from a judgment of the Lake County Circuit Court. Upon her plea of guilty to introduction of drugs into a penal institution, a Class C felony, the trial court imposed a sentence of three years in the Department of Correction, suspended to six months with the balance to be served on supervised probation. The defendant presents one appellate issue: whether the trial court erred in requiring her to serve six months in the Lake County Jail before being placed on probation.

Upon a review of the entire record, briefs of the parties, and applicable law, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

On November 27, 1997, the defendant was arrested by the Lake County Sheriff's Department at the Northwest Correctional Complex for introducing marijuana into the complex. Deputy Sheriff Joseph Vernon, while searching visitors at the complex, discovered 48.6 grams of marijuana in the defendant's baby carrier. The defendant was at the complex to visit her husband, who was incarcerated for the offense of aggravated robbery. On June 3, 1998, the defendant entered a plea of guilty to unlawfully introducing a controlled substance, to wit, marijuana, into a penal institution. The trial court was to determine an appropriate sentence and the defendant's request for probation. A presentence report was ordered. At the conclusion of a sentencing hearing on July 21, 1998, the trial court sentenced the defendant to three years as a Range I, standard offender. The court also ordered, after service of six months in the Lake County Jail, the remainder of the defendant's sentence to be served on supervised probation.

Joseph Vernon, deputy sheriff for Lake County and sergeant for the Department of Correction at the Northwest Correctional Complex for fourteen years, testified that he arrested the defendant at the complex. During a routine search of visitors, Sergeant Vernon found 48.6 grams (two ounces) of marijuana in a baby carrier in the defendant's possession. The defendant was at the complex to visit her husband. The defendant initially admitted to bringing the drugs into the complex and then denied it. The defendant and her companion were arrested. Later, after booking, the defendant signed a waiver of rights and admitted in a signed statement that the marijuana was hers. Her companion was then released.

As part of Sergeant Vernon's duties at the complex, he compiles statistics on drug use by inmates. Vernon testified that, after monthly random drug screens, twenty-five percent of the inmates test positive for the presence of illegal drugs. The common form of entry of drugs into the complex is through visitors. Visitors account for ninety to ninety-five percent of the illegal entry of drugs into the complex. Thus, Sergeant Vernon testified that heavy sentences are necessary to deter other visitors from bringing drugs into the complex.

The defendant testified she is a resident of Shelby County, Tennessee, and has four children, ages 6, 8, 9, and 10. Her husband is incarcerated for aggravated robbery. At the time of sentencing, the defendant was employed at Shoney's and received an AFDC supplement. The defendant graduated from high school and sought training at a beauty college, but failed to complete the course. The defendant takes heart medication. The defendant admitted she pled guilty to carrying marijuana into the prison. However, in the presentence report, the defendant stated she did not know the marijuana was in the baby carrier. Then, the defendant testified that her statement to the probation officer was true, but "[i]t's really not true because I knew that she had it. Once we had got there, I knew she had it, but -- I really knew she had it." The defendant admitted she was willing to "take the

3

charge." As to her written statement to Sergeant Vernon, the defendant testified "[h]e wrote it, and I just agreed to it."

During cross-examination, the defendant testified her companion was really Tomeka Birds, but she was using the alias Iris Gilliland. Birds's baby was listed on the defendant's husband's visitor list, because her husband felt like a godfather to the baby. The defendant testified she and Birds had shared an apartment for six months. Birds was at the complex to see Henry Brooks, but was on Harry Dillard's visitor list. The defendant admitted her husband was not the father of any of her children.

The presentence report verifies the defendant has no history of arrests or convictions. Based upon this evidence, the trial court imposed a three-year sentence, with supervised probation after serving six months in the Lake County Jail.

## SENTENCING CONSIDERATIONS

The defendant contends that she is entitled to complete probation and that to incarcerate her for six months would work an undue financial hardship. She has four children and a good work history. The state counters that the defendant is not worthy of full probation on the basis she is unwilling to accept responsibility for her criminal conduct and a particularized need for deterrence in this case, because it involved a penal institution.

When a defendant complains of the imposition of his or her sentence, we must conduct a **de novo** review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). Therefore, the burden of showing that the sentence is improper is upon the appealing party. *Id.* The presumption that determinations made by the trial court are correct is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991); *State v. Smith,* 898 S.W.2d 742, 745 (Tenn.

4

Crim. App. 1994), *per. app. denied* (Tenn. 1995).

If appellate review reflects that the trial court properly considered all relevant facts, and its findings of fact are adequately supported by the record, this Court must affirm the sentence "even if we would have preferred a different result." *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In arriving at the proper determination of an appropriate sentence, the trial court must consider: (1) the evidence, if any, received at the guilty plea and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about the sentencing; and (7) the potential for rehabilitation and treatment. Tenn. Code Ann. §§ 40-35-210(a) and (b), 40-35-103; *State v. Holland,* 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

From our review of the record, the trial court did consider the sentencing principles of the Tennessee Criminal Sentencing Reform Act of 1989, thus our review is with a presumption of correctness. *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991). Since the defendant contends she should not have split confinement for six months, the record must support the trial court's judgment. In requiring the defendant to serve six months, the trial court found confinement necessary to avoid depreciating the seriousness of the crime, confinement was necessary as a general deterrence, and

> [t]he potential for rehabilitation is something that is very questionable because in this particular situation, we've had three or four different stories that Mrs. Logan has told about what actually happened. She comes in today and tells even a different story. With her attorney making every effort possible to get her to accept responsibility for the situation, she just refuses to completely do that. Under the circumstances, The Court feels that some period of incarceration is necessary although The Court does not feel that the presumptive minimum of three years total is necessary.

In certain circumstances, a trial court may deny full probation and consider split confinement based on the seriousness of the offense. To deny an alternative sentence

based on the seriousness of the offense, "the circumstances of the offense as committed, must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense must outweigh all of the factors that favor a sentence other than confinement. *State v. Hartley,* 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). We cannot say the facts in this record meet the standards set forth in *Hartley,* 818 S.W.2d at 374-75. However, in arriving at a proper sentence and its imposition, the trial court is entitled to inquire into the nature and characteristics of the criminal conduct involved. Tenn. Code Ann. § 40-35-210(b)(4); *State v. Hollingsworth,* 647 S.W.2d 937, 939 (Tenn. 1983). We concur in the trial court's finding that some confinement is appropriate for this offense. The defendant made a conscious decision to smuggle marijuana into a penal institution in a baby carrier and to deliver the same to her husband. The Government has a legitimate interest in preventing visitors from smuggling drugs into prisons. Thus, consideration of the seriousness of the offense was appropriate.

As part of ordering the defendant to split confinement, the trial court was concerned with deterrence. Before the court considers deterrence, there must be some evidence in the record that the sentence imposed will have a deterrent effect within the jurisdiction. *State v. Bonestel,* 871 S.W.2d 163, 170 (Tenn. Crim. App. 1993). This Court has repeatedly held that a finding of a deterrent effect within the jurisdiction cannot be merely conclusory, but must be supported by proof. *Ashby,* 823 S.W.2d at 170. There is adequate evidence in the record to support the trial court's determination that deterrence is applicable in these facts. Sergeant Vernon testified that a random monthly check of inmates for drugs reveals twenty-five percent of the inmate population tests positive for drugs, and the main introduction of illegal drugs into the Northwest Correctional Complex is through visitors. Sergeant Vernon testified that heavy sentences will act as a deterrent in the prevention of drug smuggling into penal institutions. We find the trial court was correct in considering this factor.

Furthermore, in imposing the six-month confinement period, the trial court was

6

concerned with the defendant's lack of truthfulness and her potential for rehabilitation. Credibility is best judged by the trial court, which is in the best position to see and evaluate the testimony of a defendant. We have held that a defendant's credibility and willingness to accept responsibility for the offense are circumstances relevant to determining her rehabilitation potential. *State v. Dowdy,* 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994); *State v. Anderson,* 857 S.W.2d 571, 574 (Tenn. Crim. App. 1992). We can logically assume that one who seeks probation and who is less than truthful about her involvement in the offense would have a poor potential for successful rehabilitation. Such consideration of truthfulness by the trial court was appropriate under these facts. During the initial search, the defendant admitted the marijuana was hers, and then denied possession, resulting in her and Tomeka Birds's arrests. The defendant explained her written statement to Sergeant Vernon as "I just agreed to it." The defendant was equivocal in her statements to the probation department. Also, in her testimony, the defendant was equivocal before the trial court. We conclude that the trial court's consideration of the defendant's candor was a relevant factor in determining the imposition of split confinement.

The defendant has failed to establish the trial court's decision, as to split confinement, was erroneous. Therefore, the trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE

7