IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. MONTRELL D. PERRY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-07406,07, Carolyn Wade Blackett, Trial Judge**

———————————————

**No. W1999-01419-CCA-R3-CD - Decided May 4, 2000**

———————————————

The appellant entered guilty pleas to two counts of sale of cocaine, Class C felonies, and was sentenced to four years confinement in the Department of Correction. The appellant argues, in this direct appeal, that the trial court erred in ordering total confinement. The record supports denial of an alternative sentence. The judgment is affirmed.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Criminal Court affirmed**.

HAYES, J. delivered the opinion of the court, in which WELLES and GLENN, J.J., joined.

William D. Massey, Lorna S. McClusky, Memphis, Tennessee, attorneys for appellant, Montrell D. Perry.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, J. Ross Dyer, Assistant Attorney General, William L. Gibbons, District Attorney General, and William D. Bond, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The appellant, Montrell D. Perry, appeals the sentencing decision of the Shelby County Criminal Court following his guilty pleas to two counts of sale of cocaine less than .5 grams, class C felonies. Pursuant to the terms of the negotiated plea agreement, the appellant received an effective four year sentence. The manner of service of the sentences was submitted to the trial court for determination. Following a hearing, the trial court denied any form of alternative sentencing and ordered total confinement. The appellant appeals this decision contending that the trial court erred in failing to grant alternative sentences.

After review of the record, we affirm the judgment of the trial court.

**Background**

The appellant's convictions stem from two separate sales of cocaine in excess of .5 grams. On January 22, 1998, the appellant sold 4.9 grams of cocaine to a police informant for the sum of $250.00. Again, on January 28, the appellant sold 6 grams of cocaine for the sum of $250.00.

The proof at the sentencing hearing established that the appellant was employed with a carpet cleaning and pest control business in Memphis. He is the father of two children. He admitted to the abuse of marijuana and alcohol and advised the court that he was attending "drug counseling classes." The appellant has a prior federal conviction for the sale of cocaine, which resulted in a five year sentence with four of those years being served in confinement.

During direct examination, the appellant responded affirmatively that he was acknowledging responsibility for the "wrongs" committed. However, on cross-examination concerning the specific circumstances of the drug sales, the appellant, who stated that he was "high at the time," explained:

> No. I didn't sell it. I don't remember. . . . I remember some of the incidents, because I read the report. . . . I remember the Walgreen's and the car wash. But I remember also that I had a few friends with me, riding. And I took them somewhere. And I don't know if it was me or them that done it.

Finally, in response to the seriousness of the crimes committed, the appellant responded, "Because of the incident, and how it came about. I don't feel like that I should be sentenced to sixteen years. I don't feel like I've done a crime that bad. You know, it might be in the book, you know, in the book of law. But, to me, I don't feel that way."

**Analysis**

The appellant contends that the trial court erred by denying a non-incarcerative sentence, specifically a sentence of total probation or a sentence pursuant to the Community Corrections Act. When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Additionally, the burden of showing that the sentence imposed is improper is upon the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

In the present case, the appellant is entitled to the statutory presumption that he is a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(5) & (6) (1997). Notwithstanding, this presumption does not guarantee imposition of a non-incarcerative sentence. The defendant's potential or lack of potential for rehabilitation should be considered in determining whether he should be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5). Evidence of this factor may be found in the presentence report, the evidence presented by the State, the testimony of the accused, or any other source provided that it is part of the record. See State v.

Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993). In the case presently before this court, the trial court, with full consideration of the appellant's social history, employment, and criminal history, denied the appellant a non-incarcerative sentence based upon the appellant's lack of remorse, his lack of candor regarding his responsibility for the crimes, his prior criminal history, and the deterrent effect of a sentence of confinement.

In arriving at a proper sentence and its imposition, the sentencing court is entitled to inquire into the nature and characteristics of the criminal conduct involved. Tenn. Code Ann. § 40-35-210(b)(4); State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983). Indeed, the court may look behind a plea agreement and consider the true nature of the offense committed. See Hollingsworth, 647 S.W.2d at 939; State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988); State v. Latoya Anderson, No. 02C01-9707-CR-00251 (Tenn. Crim. App. at Jackson, Sept. 11, 1998). In the present case, the appellant pled guilty to two counts of possession with intent to sell less than .5 grams of cocaine, class C felonies. See Tenn. Code Ann. § 39-17-417(a)(4), (c)(2) (1997). The appellant stipulated that the amount of cocaine he sold in each offense was 4.9 grams and 6 grams, respectively. Thus, the proof supports class B felonies. See Tenn. Code Ann. § 39-17-417(a)(4), (c)(1). The amount of cocaine in the instant offenses is clearly of an excessive amount for a conviction for possession of less than .5 grams of cocaine. See State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991); see also Tenn. Code Ann. § 40-35-103(1)(B)(1997).

Furthermore, we conclude that the trial court's finding that the appellant was untruthful and failed to acknowledge personal responsibility for his criminal conduct is significant as it relates to the potential for rehabilitation. See State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App.1996); State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App.1994). Moreover, we concur with the trial court's finding of a lack of remorse on behalf of the appellant for his conduct. Lack of remorse is relevant when considering a defendant's potential for rehabilitation and sentencing alternatives. Tenn. Code Ann. § 40-35-103(5). Finally, we note the appellant's prior five year cocaine conviction which apparently had little deterrent effect upon the appellant.

For the above reasons, we conclude that the appellant has failed to carry his burden of establishing that the sentence imposed was improper. Accordingly, the judgment of the trial court is affirmed.