IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs October 17, 2000

## STATE OF TENNESSEE v. ROBBY J. COX

**Direct Appeal from the Circuit Court for Sullivan County**
**No. S40,225     Phyllis H. Miller, Judge**

—————————————

**No. E1999-00159-CCA-R3-CD**
**January 5, 2001**

—————————————

The defendant pled guilty to facilitation of the sale of cocaine under Tennessee Code Annotated section 39-17-417. The defendant was sentenced to a six-year term at the Department of Correction, as a Range I offender, and fined $2000. The defendant requested alternative sentencing but, after a review of the defendant's background by the trial court, the request was denied. The defendant now appeals his sentence contending that the trial court erred by denying him alternative sentencing. After a thorough review of the record, we find that the trial court did not err in denying the defendant alternative sentencing. The defendant's sentence is affirmed.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and WILLIAM B. ACREE, JR., SP. J., joined.

Leslie S. Hale, Assistant Public Defender, for the appellant, Robby J. Cox.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; H. Greeley Wells, Jr., District Attorney General; and Jack Lewis Combs, Jr., Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

On August 7, 1996, the defendant was indicted for the sale of over .5 grams of cocaine under Tennessee Code Annotated section 39-17-417, a Class B felony. On March 26, 1999, the defendant pled guilty to facilitation of the sale of cocaine under Tennessee Code Annotated section 39-17-417, a Class C felony. The defendant was sentenced to a six-year term at the Department of Correction, as a Range I offender, and fined $2000. The defendant requested alternative sentencing. After a thorough review of the record, we affirm the sentence of the trial court.

## FACTS

On August 7, 1996, the defendant accepted $900 for the purchase of cocaine. The purchaser of the cocaine was a confidential informant working with the police department. The defendant gave the money to a friend who then left to procure the cocaine. Roughly three and a half hours later, the defendant's friend returned with the cocaine. At that time, the confidential informant gave the defendant an additional $900, which the defendant also gave to his friend. The defendant received $200 from his friend, and the confidential informant received twenty-eight grams of cocaine.

The defendant testified that the confidential informant pressured him into following through with the drug deal by threatening and harassing him. The defendant testified that the confidential informant threatened and harassed him by making numerous phone calls to his house; showing up at his house on several occasions; threatening his family; and putting a gun to the defendant's head. The defendant further testified that there were witnesses to these events, but he produced no witnesses to testify in his behalf at the sentencing hearing. The trial court did not believe the defendant's testimony.

## STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or have recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they are relevant to the section 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation

when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

## ANALYSIS

The defendant contends that the trial court erred by not granting his request for alternative sentencing. We do not agree.

### Defendant's Criminal History

Our review of the record reveals that the defendant has an extensive criminal history which dates back to at least 1989. Specifically, the record reveals that the defendant was convicted of the following criminal offenses: driving while impaired in 1994; driving while license suspended in 1994; two counts of possession and distribution of intoxicating liquor by a person under the age of 21, one in 1993 and one in 1994; possession of a controlled substance; fraudulent use of a driver's license; reckless driving in 1991; violation of the bad check law in 1994; and two juvenile delinquency adjudications that would constitute a felony if committed by an adult.

The sentencing transcript reveals that the trial court did consider the defendant's criminal history in arriving at its sentencing determination. The defendant, however, contends that it was error for the trial court to give "great weight" to the defendant's extensive criminal history. We do not agree.

Tennessee Code Annotated section 40-35-103(1)(A) sets forth that the trial court should consider the necessity of restraining a defendant who has a long history of criminal conduct when deciding whether to impose a sentence of confinement. Additionally, Tennessee Code Annotated section 40-35-114(1) sets forth that a defendant's criminal history can be used as an enhancement factor. As a result of Tennessee Code Annotated sections 40-35-103(1)(A), -114(1) and the extensive criminal history of the defendant, it was not improper for the trial court to give greater consideration to this factor.

Before progressing in our analysis, we pause to note that the defendant alludes to error on behalf of the trial court for not considering that his last criminal conviction was in 1994, three years prior to the conviction in the instant case. While Tennessee Code Annotated section 40-35-113(13) provides a catchall enabling the trial court to consider "any other mitigating factor[s]" in arriving at

its sentencing determination, we do not find that the defendant's hiatus from crime since 1994 warrants consideration as a mitigating factor. The defendant has cited no authority to support this position. Further, we recognize that, for some people, a three-year streak without committing a crime is a major feat, however, the trial court did not err by failing to recognize this as a mitigating factor.

## Depreciating Seriousness of the Offense

The record amply reflects the trial court's findings on "the need to avoid depreciating the seriousness of the offense." The courts of this state have held that "the court may look behind a plea agreement and consider the true nature of the offense committed." State v. Hollingsworth, 647 S.W.2d 937, 939 (Tenn. 1983); State v. Biggs, 769 S.W.2d 506, 507 (Tenn. Crim. App. 1988); State v. Montrell D. Perry, No. W1999-0419-CCA-R3-CD, *2 (Tenn. Crim. App., May 4, 2000, at Jackson); State v. Latoya Anderson, No. 02C01-9707-CR-00251 (Tenn. Crim. App., September 11, 1998, at Jackson). Further, the Legislature has held that "in arriving at a proper sentence and its imposition, the sentencing court is entitled to inquire into the nature and characteristics of the criminal conduct involved." Tenn. Code Ann. § 40-35-210(b)(4); Hollingsworth, 647 S.W.2d at 939.

The sentencing transcript indicates that the trial court did look behind the defendant's plea agreement, and ascertained the true nature of the offense committed by the defendant. In the trial court's examination of the defendant's criminal conduct, it found that this was "one of the most severe offenses you can commit." Further, the trial court found that the seriousness of the crime had already been mitigated downward to a lesser crime. A reading of the record evidences that the trial court did not wish to further depreciate the seriousness of the offense.

## Prior Success in Alternative Sentencing

In arriving at its decision to deny alternative sentencing, the trial court adequately considered the defendant's prior unsuccessful attempts at alternative sentencing. The trial court found that the defendant was first given an alternative sentence of split confinement in 1993, but was not rehabilitated.

The trial court also found that the defendant was on probation in Sullivan County in 1995. Ten months after being placed on probation, the defendant's probation was extended for six months due to his unwillingness to comply with the terms of his probation. The defendant continued to demonstrate an unwillingness to comply with the terms of his probation, and in 1997 was ordered to serve his sentence. The trial court stated that the defendant's probation was a failure.

We agree with the trial court that the defendant's previous failed attempts at alternative sentencing demonstrate a lack of potential for rehabilitation if an alternative sentence is imposed. The trial court was correct in giving weight to these factors in arriving at its decision to deny alternative sentencing.

## Mitigating and Enhancing Factors

In arriving at its decision to deny alternative sentencing, the trial court also considered numerous mitigating and enhancing factors. The trial court found that there were two mitigating factors that applied. Specifically, the trial court noted that the defendant did assist the authorities in uncovering offenses committed by other persons, but gave this "little credit." The trial court also found that the defendant had a "good work history." However, with regards to the defendant's remorse, the trial court stated that it believed the defendant was sorry he got caught, but did not believe that the defendant's remorse extended beyond that. See Tenn Code. Ann. §§ 40-35-113.

The defendant contends that the trial court should have considered as a mitigating factor his testimony about the confidential informant placing a gun to his head and forcing him to proceed with the drug deal. This testimony was considered by the trial court, but the trial court made it clear that it did not believe the testimony of the defendant. This was the prerogative of the trial court.

The trial court also considered the enhancing factors that applied to the defendant. The trial court found that the defendant: has a previous history of criminal convictions; was the leader in the commission of an offense involving two (2) or more criminal actors; has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; and was adjudicated to have committed delinquent acts that would have been considered felonies if committed by an adult. See Tenn Code. Ann. §§ 40-35-114.

A review of the record and testimony given in the sentencing transcript supports the enhancement factors found by the trial court. Further, we agree with the trial court that the enhancement factors "far outweigh the mitigating factors."

## Denial of Alternative Sentencing

A thorough analysis of this case overwhelmingly supports the trial court's denial of alternative sentencing for the defendant. First, the defendant does have an extensive criminal history. Second, the offense was already mitigated downward. The addition of an alternative sentence would further depreciate the value of the actual crime committed by the defendant. We acknowledge that, in general, the nature of a crime by itself is not sufficient for the denial of probation. State v. Gutierrez, 5 S.W.3d 641, 647 (Tenn. 1999); State v. Cleavor, 691 S.W.2d 541, 543 (Tenn. 1985). In this case, however, the denial of probation did not hinge on this factor alone. This factor was but one of several factors upon which the denial of probation was predicated. Third, the defendant has attempted alternative sentencing on two prior occasions. The defendant's continuing criminal conduct openly reflects that prior attempts at imposed alternative sentences have failed to rehabilitate the defendant. Further, the defendant's refusal to comply with the terms of the alternative sentence imposed on him in 1995 demonstrates that he would not be a good candidate for alternative sentencing. Fourth, when weighing the enhancing factors against the mitigating factors, the enhancing factors far outweigh the mitigating factors. A thorough review of the record fails to expose any other considerations that would weigh in favor of the defendant receiving an alternative

sentence.  The trial court's denial of the defendant's request for alternative sentencing was proper.

## **CONCLUSION**

The sentence imposed on the defendant by the trial court is affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE