STATE of Tennessee, Appellant,

v.

Andre HOLLINGSWORTH, Appellee.

Supreme Court of Tennessee,
at Nashville.

March 28, 1983.

Jerry Smith, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellant.

Phillip Robinson, Nashville, for appellee.

OPINION

COOPER, Justice.

The issue in this case is whether the Court of Criminal Appeals erred in its determination that the trial judge abused his discretion in denying Andre Hollingsworth's petition for the suspension of the sentences imposed upon him for robbery and for an attempt to commit a felony.[1]

The petitioner was arrested in January, 1980, on charges of armed robbery, assault

---

1. Petitioner was sentenced to serve not less than nor more than five years on the robbery conviction, and not less than two nor more than five years on the conviction of an attempt to commit a felony. The sentences are concurrent.

with intent to commit armed robbery, and carrying a deadly weapon with intent to go armed. After his arrest, petitioner cooperated fully with law enforcement officers, even to the extent of making himself available to testify against his accomplice. Whether as a consequence of his cooperation or for some other reason, the charges against petitioner were reduced and he was allowed to plead guilty to robbery and to an attempt to commit a felony, thus making it possible for him to seek a suspension of the sentences.[2]

In the hearing on the petition for suspended sentence, it was brought out that petitioner had committed three armed robberies, and that a gun was used each time. On the positive side, the officer who investigated the robberies and the assistant district attorney who handled the cases testified that Mr. Hollingsworth made every effort to cooperate with the police and recommended probation for Mr. Hollingsworth. The record also shows that Mr. Hollingsworth's only other brush with the law was in 1977, when he was arrested for passing a bad check. The check was paid and charges were dismissed. Further, the record shows that Mr. Hollingsworth is married, has one child and at the time of the hearing was expecting the birth of a second child; that he is a student in good standing in the School of Engineering at Tennessee State University and expects to graduate at the end of the next school year. Mr. Hollingsworth also explained that he was under extreme financial pressure when he committed the robberies; that he knew that that did not justify his action; and that he had learned his lesson and would never get in this type of trouble again.

The trial judge denied the petition for suspension of the sentences on the grounds of the nature of the offenses committed by Mr. Hollingsworth and the deterrence value

of the sentences. The Court of Criminal Appeals recognized that these are factors properly to be considered by a trial judge in determining whether to suspend the sentence of a convicted defendant, but the majority of the court concluded that "these factors were given unnecessarily heavy emphasis in this case, so that the balance of *Stiller* factors[3] was arbitrarily weighted against probation."

■ The statute authorizing probation and suspension of sentence places the power "within the sole discretion of the trial judge." T.C.A. § 40–21–104. The discretion vested in the trial judge, though voiced in absolute terms, is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court was an abuse of judicial discretion. *State v. Grear*, 568 S.W.2d 285 (Tenn.1978). In *Grear*, we also pointed out that in making its review, the appellate court is not authorized to substitute its judgment for that of the trial court when the judgment of the trial court is supported by substantial evidence.

. . . [I]n order for the reviewing appellate court to be warranted in finding an abuse of discretion by the trial court in these cases it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of this court as appropriate for determining suitability for probation.

Those criteria are ' . . . the circumstances of the offense, criminal record, social history, and present condition of the defendant,' T.C.A. § 40–2904 [now § 40–21–104]; the physical and mental condition, where appropriate, of the defendant,

---

**2.** Robbery accomplished by the use of a deadly weapon is excluded from the power given the trial judge to suspend the execution of sentence and place the defendant on probation, while simple robbery is not. T.C.A. § 40–21–101.

**3.** *See generally Stiller v. State*, 516 S.W.2d 617 (Tenn.1974), construing T.C.A. § 40–21–101.

*Stiller v. State, supra* [516 S.W.2d 617 (1974)]; and the likelihood, or lack thereof, that probation will subserve the ends of justice and the best interests of both the public and the defendant, *Hooper v. State, supra* [201 Tenn. 156, 297 S.W.2d 78 (1956)]. The record should contain findings of fact of the trial judge respecting these criteria as well as his conclusions of law with respect thereto; otherwise, meaningful appellate review is not possible.

 It is apparent from statements in the order denying the petition for suspension of the sentences that the trial judge considered the criteria set forth in T.C.A. § 40–21–104 and in *Grear*. He noted the several factors favorable to the suspension of the sentences, but concluded that the petition should be denied because of the nature of the offenses committed by petitioner and the deterrence value of the sentences. Both bases for his conclusion are proper factors to be considered in a hearing on a petition for suspension of a sentence. *See* T.C.A. § 40–21–104. It is also proper for a trial court to look behind the plea bargain and consider the true nature of the offenses committed. *State v. Welch*, 565 S.W.2d 492 (Tenn.1978). The deterrence factor is to be viewed "in the context of each case and assign[ed] . . . such weight, credit and value as the circumstances warrant." *State v. Michael*, 629 S.W.2d 13, 15 (Tenn.1982).

 The actual offenses in this case were armed robbery. Further, petitioner's criminal conduct was not an isolated instance. He was involved in at least three armed robberies on different days.[4] Each time, the robbery was at the point of a gun and the victim was placed in peril. Two guns were seized on the arrest of petitioner and his accomplice. It was after this that petitioner had a change of attitude and began cooperating with the police. In our opinion, these circumstances, weighed against the otherwise favorable history and future prospects of Mr. Hollingsworth, could lead a trier of fact reasonably to conclude that the petitioner is not a suitable subject for probation, and that the ends of justice and the best interests of society and of petitioner would be best served by the denial of the petition for suspension of the sentences. This being so, it follows that the denial of the petition by the trial court was not an abuse of discretion, and the Court of Criminal Appeals was in error in so holding. Furthermore, we are of the opinion that where, as in this case, a petitioner has been involved in multiple armed robberies, the factor of deterrence alone is sufficient to justify the trial court's action in denying the petition for a suspended sentence.

We, therefore, reverse the judgment of the Court of Criminal Appeals and affirm the judgment of the trial court. Costs will be paid by Andre Hollingsworth.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.

---

4. Petitioner was charged with committing five armed robberies.