# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 15, 2004

## WILLIE TOM ENSLEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 85-W-584     Walter Kurtz, Judge**

---

### No. M2003-02831-CCA-R3-PC - Filed May 11, 2005

---

The petitioner appeals from the dismissal of his Post-Conviction DNA Analysis Petition. Dismissal followed an unfavorable result for the petitioner after DNA analysis of a portion of the evidence. Upon review, we affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Willie Tom Ensley.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and John Zimmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The origin of this case was the petitioner's convictions in 1986, of first degree murder and aggravated rape. The petitioner received consecutive sentences of life and 27.5 years, respectively. This Court affirmed on direct appeal. See Willie Tom Ensley, No. 86-65-III, 1987 Tenn. Crim. App. LEXIS 2213 (Tenn. Crim. App., at Nashville, Apr. 7, 1987). Application for permission to appeal was denied by our supreme court on June 29, 1987. Later, the petitioner filed his first petition for post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court denied

relief, and this Court affirmed on direct appeal. See Willie Tom Ensley v. State, No. 01C01-9010-CC-00246, 1991 Tenn. Crim. App. LEXIS 131 (Tenn. Crim. App., at Nashville, Feb. 26, 1991). Application for permission to appeal to the supreme court was denied on June 17, 1991. In 2000, the petitioner filed a petition for writ of habeas corpus alleging that each of the indictments was insufficient. The post-conviction court denied relief, and this Court affirmed. See Willie Tom Ensley v. Howard Carlton, Warden, et al., No. E2002-00878-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 880 (Tenn. Crim. App., at Knoxville, Oct. 21, 2002). On February 18, 2003, our supreme court denied application for permission to appeal.

On May 6, 2002, the petitioner filed a second post-conviction petition, seeking a DNA (deoxyribonucleic acid) analysis of certain evidence under the Post-Conviction DNA Analysis Act of 2001. Tenn. Code Ann. § 40-30-301 et. seq. This petition was summarily dismissed, and the petitioner appealed. See Willie Tom Ensley v. State, No. M2002-01609-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 335 (Tenn. Crim. App., at Nashville, Apr. 11, 2003). This Court reversed and remanded for a determination as to whether the four factors of Tennessee Code Annotated section 40-30-305 were met and, if so, ordered a DNA analysis. On remand, the trial court entered an order providing that a blood sample from the petitioner be taken and submitted to the TBI lab "with the existing evidence." The order further required that results of the DNA analysis be reported within sixty days.

Subsequently, four exhibits were submitted to the TBI Nashville Crime Laboratory and included: (1) blood standard from the petitioner; (2) blood standard from the victim; (3) vaginal swab from the victim; and, (4) vaginal swab taken from the victim at the funeral home.

The Official Serology/DNA Report from the TBI laboratory results reflected that the analysis on one vaginal swab was an inconclusive match with the petitioner but that the other vaginal swab, taken at the funeral home, indicated the sperm fraction thereon was a conclusive match with the petitioner.[1]

The State filed a response incorporating the analysis results and submitting that further relief should be denied. The trial court then filed an order stating in pertinent part, "[t]he testing done indicates that the vaginal swabs taken from the victim match the DNA of [the petitioner]. Therefore, the post-conviction DNA analysis is not favorable to the petitioner. Pursuant to Tennessee Code Annotated section 40-30-312, this petition is dismissed."[2]

The Post-Conviction DNA Analysis Act of 2001 provides that persons convicted of certain crimes, including murder and aggravated rape, "may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law

---

[1] The TBI report stated, "The probability of an unrelated individual having the same DNA profile from either the African-American, Caucasian, Southeastern Hispanic, or Southwestern Hispanic populations exceed the current world population."

[2] The inconclusive swab of sperm fraction rendered a probability of an unrelated individual having the same DNA profile from the following population groups as: African-American, one in 4577; Caucasian, one in 967; Southeastern Hispanic, one in 1066; and Southwestern Hispanic, one in 729. All enumerated probabilities are approximate.

enforcement, laboratory or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." Tenn. Code Ann. § 40-30-303. After notice to prosecution and an opportunity for response, the Act requires a court to order DNA analysis if all the four following criteria are met: (1) [a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis; (2) the evidence is still in existence and in such a condition that DNA analysis may be conducted; (3) the evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and (4) the application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice. Tenn. Code Ann. § 40-30-304.

"The failure to meet any of the qualifying criteria is, of course, fatal to the action." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 370 (Tenn. Crim. App., at Nashville, Apr. 24, 2003). The scope of our review on appeal is limited as the post-conviction court is given considerable discretion in deciding whether the petitioner is entitled to relief under the Act. See Jack Jay Shuttle v. State, No. E2003-00131-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 80, at *11 (Tenn. Crim. App., at Knoxville, Dec. 16, 2004). This Court will not reverse the post-conviction court unless the judgment is not supported by substantial evidence. State v. Hollingsworth, 647 S.W.2d 937, 938 (Tenn. 1983); see also Ensley, 2003 Tenn. Crim. App. LEXIS 335, at *11 n.2.

The Act was created as a precautionary safeguard against the wrongful conviction or sentencing of a defendant and requires the post-conviction court to assume the DNA analysis will reveal exculpatory results in its determination as to whether to order DNA testing. Shuttle, 2004 Tenn. Crim. App. LEXIS 370, at *13-14.

In the instant case, the post-conviction court ordered the existing evidence to be submitted for testing. For unexplained reasons, only the two vaginal swabs were submitted. The petitioner complains that certain items of evidence: finger nail scrapings from the victim's hands, hairs found on the victim's body, and an anal swab taken from the victim, were not submitted by the State. The petitioner further asserts that the results from the TBI lab were "contradictory and questionable" and give rise to an order for independent testing.

The post-conviction court, upon receiving the State's response including the DNA analysis report, dismissed the petition due to its unfavorable results for the petitioner. In our view, the analysis report on the two vaginal swabs was not contradictory or questionable. One was indicative as originating with the petitioner (one in 967), but inconclusive. However, the swab taken at the funeral home was conclusive in identifying the sample as that of the petitioner's. Upon receipt of this information, the probability that the petitioner would not have been prosecuted no longer existed. In the face of conclusive DNA proof unfavorable to the petitioner, the statutory criteria were no longer met. Thus, the post-conviction court was justified in dismissing the petition and was in compliance with Tennessee Code Annotated section 40-30-312. This statute provides that "[i]f the

results of the post-conviction DNA analysis are not favorable to the petitioner, the court shall dismiss the petition, and make such further orders as may be appropriate."

The record does not reflect why the other evidence items that could have contained biological evidence were not submitted for testing. There may very well be good reasons for the failure that are unstated in the record. The Act does not provide for selective submission of evidence but references "any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." Tenn. Code Ann. § 40-30-303. Our affirmation of the post-conviction court's dismissal of the petition does not represent approval of selective submission. However, under the facts of this case, the purpose of the Act, safeguarding against wrongful conviction, has been served. Accordingly, the judgment of the post-conviction court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE

-6-