IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**JEREMY CATRON v. STATE OF TENNESSEE**


**Direct Appeal from the Criminal Court for Shelby County**
**No. 95-05333    Paula Skahan, Judge**

---

**No. W2005-02323-CCA-R3-PC   -   Filed May 24, 2006**

---


The Petitioner, Jeremy Catron, appeals the trial court's denial of his petition for post-conviction DNA testing. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Because Petitioner has failed to satisfy the qualifying criteria under the Post-Conviction DNA Analysis Act, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ. joined.

Jeremy Catron, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On October 16, 1996, the Petitioner, Jeremy Catron, entered a guilty plea to first degree murder in the Shelby County Criminal Court. Pursuant to the plea agreement, the Petitioner was sentenced to life in the Department of Correction. No direct appeal was taken. The Petitioner, as alleged in the pleadings before this Court, sought post-conviction relief based upon an unlawful

1

guilty plea, *Brady* violations and ineffective assistance of counsel. An order was entered withdrawing the petition for post-conviction relief.

On August 23, 2005, the Petitioner filed a petition for DNA testing under the Post-Conviction DNA Analysis Act of 2001. In support of his request, Petitioner claimed that "biological evidence was obtained and analyzed for comparison, but . . . the State <u>never</u> provided the defense with access to the laboratory reports prepared in connection with the DNA analysis, as well as the underlying data and laboratory notes." Specifically, the Petitioner complained that latent prints were processed from a Chevrolet Z-28, License # 933-GVB and from a primer Gray Buick located at 2962 Hoskins. The Petitioner further asserted that he be "granted access to the evidence that is within the possession of the clerk's office" to include, but not limited to: "any and all fingerprint analysis and laboratory reports," "any and all gunshot residue kit tests and analysis executed on the person and any clothes seized from the Petitioner," "any and all ballistic reports and fingerprint analysis and reports for any weapon(s), shells, or fragments," "any and all processing reports and fingerprint analysis executed on any and all vehicles involved in the shooting death of the victim," and "any and all descriptions of DNA evidence whether exculpatory or impeachment that physically connects the Petitioner to the shooting death of Thomas C. Johnson." The Petitioner claimed that the evidence at issue is favorable to the Petitioner in that the Petitioner did not know the extent of the State's tangible evidence. By order entered September 16, 2005, the trial court denied relief, finding that "the grounds as set out in the petition, entitle petitioner to no relief, and that this petition should therefore be summarily dismissed without a hearing." The trial court explained that the Petitioner "states no specific way that DNA evidence would exonerate him. This Court has attached a copy of the Affidavit of Complaint from this case, which basically sets out that petitioner shot and killed the victim. Therefore DNA evidence would be of no assistance to petitioner." Additionally, the trial court, considering the petition as a motion to reopen a post-conviction petition, denied relief stating that the petition failed to state a ground under which a petition may be reopened. A notice of appeal document was filed on September 28, 2005.

The Post-Conviction DNA Analysis Act of 2001 allows a defendant convicted of certain crimes, including first degree murder, to petition the court at any time for DNA analysis of evidence in the possession or control of the State. *See* T.C.A. § 40-30-303 (2003). Courts will order DNA testing when:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304. Additionally, Tennessee Code Annotated section 40-30-305 provides:

> After notice to the prosecution and an opportunity to respond, the court *may* order

2

DNA analysis if it finds that:

(1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-305 (*emphasis added*). This Court has held that "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." *William D. Buford v. State,* No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at * 6 (Tenn. Crim. App. at Nashville, Apr. 24, 2003), *perm. to appeal dismissed,* (Tenn. Sept. 2, 2003).

The scope of this Court's review is limited, as the post-conviction court is given considerable discretion in deciding whether the Petitioner is entitled to relief under the Post-Conviction DNA Analysis Act. *See Jack Jay Shuttle v. State,* No. E2003-00131-CCA-R3-PC, 2004 WL 199826, at *4 (Tenn. Crim. App., at Knoxville, Dec. 16, 2004), *perm. to app. denied* (Tenn. Apr. 2, 2004). Therefore, this Court will not reverse the post-conviction court unless its judgment is not supported by substantial evidence. *State v. Hollingsworth,* 647 S.W.2d 937, 938 (Tenn.1983).

The record supports the conclusion reached by the trial court. First, as asserted by the State, we would be constrained to conclude that ballistics reports, gunshot residue and fingerprints constitute DNA evidence. Section 40-30-202 provides that DNA analysis is "the process through which the deoxyribonneculeic acid (DNA) in a human biological specimen is analyzed and compared with DNA from another biological specimen for identification purposes." Moreover, as determined by the trial court, the Petitioner has failed to offer any explanation as to how DNA analysis of this "evidence" would exonerate him of the crime. The Petitioner entered a guilty plea to first degree murder. Accordingly, the Petitioner's claim fails.

We note that the trial court also addressed the petition as one to reopen a post-conviction petition. Petitioner's appeal fails, in this regard, for several reasons. First, in seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, *within ten days of the lower court's ruling*, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-117(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements

for seeking appellate review.  Specifically, Petitioner failed to timely file his application, Petitioner filed his application in the wrong court, and Petitioner failed to attach documents filed by the parties in the trial court and the order of the trial court denying the motion.   In order to obtain appellate review of the trial court's order, a petitioner <u>must</u> comply with the statutory requirements contained in Section 40-30-117(c).  *See John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC; *William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC (Tenn. Crim. App. at Nashville, Dec. 7, 1999); *Lucy Killebrew v. State*, No. 03C01-9809-CR-00320 (Tenn. Crim. App. at Knoxville, Oct. 5, 1999), *perm. to appeal denied*, (Tenn. Apr. 24, 2000).   The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC.

Moreover,  even had the Petitioner properly invoked this Court's jurisdiction in this matter, a review of the motion to reopen reveals that the Petitioner has failed to allege a ground upon which such petition may be granted.  Section 40-30-117, Tennessee Code Annotated, *see also* Tenn. Sup. Ct. R. 28 § 2(C), governs motions to reopen a post-conviction petition.  A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

(1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or

(2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or

(3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

T.C.A. § 40-30-117(a)(1-3).  As determined by the trial court, the Petitioner's motion fails to allege a ground under which a post-conviction petition may be reopened.

Accordingly, it is ordered  that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE

4