IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2011

## DEVON M. CRAWFORD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-02728    John P. Colton, Jr., Judge**

---

**No. W2010-01676-CCA-R3-PC  - Filed June 20, 2011**

---

The Petitioner, Devon M. Crawford, pled guilty to first degree felony murder, and the trial court sentenced him to a life sentence in the Tennessee Department of Correction.  The Petitioner filed a petition for post-conviction relief requesting DNA analysis of unspecified evidence collected by police in his case, which the post-conviction court denied.  On appeal, the Petitioner contends that he is entitled to DNA testing under the Post-Conviction DNA Analysis Act of 2001 and that the post-conviction court erred when it dismissed his petition.  After a thorough review of the record and applicable law, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, J., joined.  JOSEPH M. TIPTON, P.J., concurred in the results only.

Paul K. Guibao, Memphis, Tennessee, for the Appellant, Devon M. Crawford.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; Stephanie Zander Johnson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Petitioner's attempted aggravated robbery of the victim in a mall parking garage in Memphis, Tennessee. During the attempted aggravated robbery, the Petitioner shot and killed the victim.  A Shelby County grand jury indicted the Petitioner for first degree felony murder.  The Petitioner pled guilty to the charged offense and received

a life sentence. We summarize the factual basis for his conviction based upon police reports included in the record in this appeal.

On December 26, 1996, at approximately 6:30 p.m., the victim was exiting her car, which was parked on the second level of the Goldsmith's parking garage at Oak Court Mall in Memphis, Tennessee, when the Petitioner and Carcecil Riley approached her. The Petitioner, armed with a handgun, pointed the handgun at the victim and demanded her purse. The victim screamed and the Petitioner fired one shot into the left side of the victim's face, below her left eye. The victim died immediately from the gunshot wound to her face. The Petitioner and Riley fled the scene of the shooting in a Cadillac. Two people returning to their vehicle from the mall found the victim's bloody body slumped over in her car and notified security officers.

Police developed the Petitioner and Riley as suspects and both gave written statements admitting to the attempted armed robbery and the killing of the victim. Both Riley and the Petitioner stated that the Petitioner shot the victim. The Petitioner provided police with specific details of the crime, including that he shot the victim with a .357 caliber revolver while she sat in her car in the parking garage of the Oak Court Mall. The Petitioner also identified the victim's vehicle in a photograph.

The trial court accepted the Petitioner's guilty plea and sentenced him as a violent offender to life imprisonment in the Tennessee Department of Correction.

On January 19, 2006, the Petitioner filed a pro se petition for post-conviction relief, claiming that he is entitled to testing under the Post-Conviction DNA Analysis Act of 2001. After the post-conviction court appointed counsel to represent the Petitioner, appointed counsel filed an amended petition for DNA analysis. On July 26, 2010, the post-conviction court denied the petition requesting DNA analysis, finding that the Petitioner failed to satisfy all four elements required under the Post-Conviction DNA Analysis Act of 2001. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it dismissed his petition for post-conviction relief because he is entitled to DNA testing according to the Post-Conviction DNA Analysis Act. The Post-Conviction DNA Analysis Act provides:

> [A] person convicted of and sentenced for the commission of first degree
> murder, second degree murder, aggravated rape, rape, aggravated sexual

battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

T.C.A. § 40-30-303 (2009). Under the Post-Conviction DNA Analysis Act, the post-conviction court, after affording the prosecution the opportunity to respond, must order a DNA analysis if it finds the following:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

T.C.A. § 40-30-304 (2009).

The scope of our review is limited, as the post-conviction court is given considerable discretion in deciding whether the Petitioner is entitled to relief under the Post-Conviction DNA Analysis Act. *See Jack Jay Shuttle v. State*, No. E2003-00131-CCA-R3-PC, 2004 WL 199826, at *4 (Tenn. Crim. App., at Knoxville, Feb. 3, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004). Therefore, this Court will not reverse the post-conviction court unless its judgment is not supported by substantial evidence. *State v. Hollingsworth*, 647 S.W.2d 937, 938 (Tenn. 1983); *see also Willie Tom Ensley v. State*, No. M2002-01609-CCA-R3-PC, 2003 WL 1868647, at *4 (Tenn. Crim. App., at Nashville, Apr. 11, 2003), *no perm. app. filed*.

First degree murder is among the crimes for which a petitioner may request, at any time, DNA analysis of any evidence in possession of the prosecution or laboratory. T.C.A.

§ 40-30-303. The trial court, however, must order DNA analysis of such evidence only if a petitioner satisfies all of the statutory requirements. T.C.A. § 40-30-304. "The absence of any one of the four statutory conditions results in the dismissal of the petition." *Sedley Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *2 (Tenn. Crim. App., at Jackson, May 26, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004); *see also William D. Buford v. State*, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App., at Nashville, Apr. 24, 2003), *no perm. app. filed*.

In his request, the Petitioner requested "items" be submitted for testing pursuant to Tennessee Code Annotated section 40-30-303. The post-conviction court applied the factors set forth in Tennessee Code Annotated section 40-30-304 and found that the Petitioner failed to meet the qualifying criteria under the statute. Specifically, the post-conviction court stated:

> Petitioner asserts his rights to have all evidence collected in this case analyzed. Petitioner alleges that he would not have been prosecuted or convicted if exculpatory results had been obtained. This Court [will] not grant the Petition because the non-forensic evidence in this case, . . . precludes a finding that a successful DNA analysis would have in any way affected the initial decision to prosecute or the trial. Petitioner plead guilty to felony murder. It is enough to prove that Petitioner participated in a robbery during which victim was killed. There is evidence on the record, including Petitioner's own admissions, which establish his involvement in the fatal robbery. Petitioner gave a detailed account of the events leading up to the attempted robbery and killing of Kyle. There is no evidence on the record of police coercion. Petitioner was 16 years old at the time the crime was committed and was accompanied by his parents and an attorney when he confessed to the crime.
>
> . . . .
>
> Petitioner makes no assertion that the evidence sought to be tested is still in existence nor does he make mention of what samples he would like tested. Petitioner requests, "DNA analysis of evidence." Because the petition is facially deficient on this part, this Court is inclined to hold that Petitioner has failed to adequately establish that the evidence is still in existence and in such condition that DNA analysis may be conducted.
>
> . . . .

-4-

Petitioner states, "his application for analysis is made for the purpose of demonstrating innocence and because he is serving a sentence for the term of Life delaying the sentence is an impossibility." Petitioner does not deny commission of the crime nor does Petitioner aver that analysis would result in a favorable result. For the above reason, this Court is inclined to hold that Petitioner has failed to satisfy part four of the act.

(Footnotes omitted).

Upon our review of the record, we conclude that the post-conviction court's denial of this petition is supported by substantial evidence. As we have earlier stated, the Petitioner must satisfy all four criteria in the statute and the absence of any one criteria warrants denial of the request. In this case, the post-conviction court made specific findings for three of the four criteria, criteria (1), (2), and (4). We will now address each of these three criteria upon which the post-conviction court relied in denying of the Petitioner's request for DNA analysis.

As to the first criteria requiring the Petitioner to show that "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis," the trial court found that the overwhelming evidence of the Petitioner's guilt precluded a finding that exculpatory DNA results would have "in any way affected" the decision to prosecute or the outcome of the trial.

In *Sedley Alley v. State*, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *9 (Tenn. Crim. App., at Jackson, May 26, 2004), *no perm. app. filed*, this Court stated that "[t]he purpose of the Post Conviction DNA Analysis Act is to establish the innocence of the petitioner and not to create conjecture or speculation that the act may have possibly been perpetrated by a phantom defendant." *Id*. The Court went on to conclude that if the allegation is recent and the evidence supports the petitioner as the offender, a prior confession may be enough to deny DNA testing. *Id*. In this case, the Petitioner gave a detailed confession with his mother present. His co-defendant also provided a statement to police implicating the Petitioner. In essence, the Petitioner's argument on appeal is that he is not the perpetrator of this offense and that testing of the items requested in his petition will prove his innocence. He is apparently seeking DNA testing in order to establish the identity of a third party. However, identifying the donor of the DNA left inside the victim's vehicle and/or around the crime scene would not exonerate the Petitioner as the perpetrator of this murder. Such evidence would at best simply establish that a third party had, at some point not necessarily at the time of the crime, been inside the victim's vehicle, been present in that public area, or been in contact with the victim. *See Dennis R. Gilliland v. State*, No. M2007-00455-CCA-R3-PC, 2008 WL 624931, at *4 (Tenn.Crim.App., Nashville, Mar. 3,

2008) *no perm. app. filed*. The Petitioner has failed to establish his eligibility for DNA testing under criterion (1).

The evidence in the record supports the post-conviction court's finding that the Petitioner has not shown that "[t]he evidence is still in existence and in such a condition that DNA analysis may be conducted." T.C.A. § 40-35-304(2). Importantly, the Petitioner fails to name what items should be tested,[1] and, as to the existence of the evidence, he states that he is "unclear as to whether the evidence remains in existence or not." Some physical evidence must be available and in proper condition in order for DNA analysis to be performed. Although the State is in a better position to confirm or deny the existence of physical evidence under its control, because the Petitioner did not name items he wished to have submitted for the testing, the State could not respond as to whether these items were in existence. We conclude that substantial evidence supports the post-conviction court's finding that the Petitioner failed to demonstrate criterion (2), that the evidence was still in existence and in such a condition that DNA analysis could be conducted.

Criterion (4) requires that "The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice." In his petition, the Petitioner states, "his application for analysis is made for the purpose of demonstrating innocence and because he is serving a sentence for the term of Life delaying the sentence is an impossibility." We believe, however, that this criterion requires more than a bare assertion that a petitioner is seeking to demonstrate his innocence. As earlier discussed, the Petitioner does not specify which evidence he seeks to have tested and how testing this evidence would, in fact, demonstrate his innocence. He merely states that testing would demonstrate his innocence. A bare assertion that testing would demonstrate innocence without more is not sufficient to satisfy criterion (4) of this statute. Thus, we conclude that the Petitioner failed to satisfy this requirement.

Given the Petitioner's failure to establish his eligibility for DNA testing under criteria (1), (2), and (4), we conclude that the post-conviction court properly denied the Petitioner's request for DNA analysis. The Defendant is not entitled to relief as to this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the

---

[1]In his brief, he notes that the police report indicates "bloody clothing, a purse, and a wallet" were recovered from the scene in support of existence of evidence for criterion 3, but the Petitioner does not state anywhere in his brief which items he requests for testing. In the Petitioner's petition requesting DNA analysis, he only refers to "several items" for testing. In the Petitioner's amended petition, he refers only to "items" and "the evidence," again never stating what items are to be tested.

post-conviction court properly denied the Petitioner's petition requesting DNA analysis. Accordingly, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE