IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2013

## WILLIE ANDREW COLE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. B9640      Steve R. Dozier, Judge**

_____

**No. M2012-01206-CCA-R3-PC - Filed September 3, 2013**

_____

Pro se Petitioner, Willie Andrew Cole, appeals the post-conviction court's summary dismissal of his petition requesting DNA analysis pursuant to Tennessee Code Annotated Section 40-30-301. The sole issue presented for our review is whether the post-conviction court erred in dismissing the petition for DNA analysis without a response from the State or an evidentiary hearing. Upon review, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Willie A. Cole, Only, TN (pro se), for the Defendant-Appellant,

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel W. Harmon, Assistant Attorney General; and Victor S. Johnson III, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In 1977, the Petitioner was convicted of second degree murder and sentenced to life in prison.[1] On March 13, 2012, the Petitioner filed a pro se post-conviction petition for DNA

_____

[1] The post-conviction court noted in its order that the Petitioner was "apparently released from prison on parole as he was later convicted in this Court for First Degree Murder for an offense committed

(continued...)

analysis under the Post-Conviction DNA Analysis Act of 2001. The petition set forth the following:

> The petitioner . . . respectfully demands from this Honorable Court an order for the forensic DNA Analysis of any evidence that is in the possession or control of the Respondent and that may contain biological evidence. In support thereof, Petitioner avers the following:
>
> . . .
>
> There exists or should exist physical evidence, in the possession of the respondent, that is in such a condition that DNA Analysis may be conducted.
>
> . . .
>
> During its investigation, the respondent collected and preserved the victim's clothing[,] . . . the victim's fingernail clippings[,] . . . the defendant's clothing[,] . . . [and] a sledgehammer, the alleged weapon.
>
> The evidence was never previously subjected to DNA Analysis or was not subjected to the analysis now requested which could resolve an issue not resolved by previous analysis.
>
> There exists a reasonable probability that Petitioner would never have been prosecuted and/or convicted if exculpatory results had been obtained through DNA Analysis.
>
> The availability of DNA Analysis would have produced a more favorable result leading to Petitioner's innocence of the charged offense.
>
> The application for analysis is made for the purpose of demonstrating innocence and not for improper dilatory purposes.

The State did not respond to the petition, and it was subsequently dismissed on May 14, 2012. In a written order, the post-conviction court determined that the petitioner failed to demonstrate that a "'reasonable probability exists that the petitioner would not have been

---

[1](...continued)
in Davidson County on June [17, 2005]."

prosecuted or convicted if exculpatory results had been obtained through DNA analysis.'" It is from this order that the Petitioner now appeals.

## ANALYSIS

In this appeal, the Petitioner asserts that the post-conviction court abused its discretion by summarily dismissing his petition for DNA analysis under the Post-Conviction DNA Analysis Act of 2001 ("The Act") prior to a response from the State or an evidentiary hearing. The State contends that a response from the State is not required under the Act before summary dismissal and that the post-conviction court properly dismissed the petition because the Petitioner would have been convicted based on the existing evidence presented at trial. Upon review, we reverse and remand the case for further proceedings.

Under the Post-Conviction DNA Analysis Act:

[A] person convicted and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or at the discretion of the trial judge, any other offense, may at any time file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court and that is related to the investigation or prosecution that resulted in the judgment of conviction that may contain biological evidence.

T. C. A. § 40-30-303. There is no statute of limitation on filing a petition for testing, and "the right to DNA analysis under the Act may not be waived by implication." Powers v. State, 343 S.W.3d 36, 48 (Tenn. 2011) (quoting Griffin v. State, 182 S.W.3d 795, 799 (Tenn. 2006)). Tennessee Code Annotated section 40-30-304 is mandatory, requiring that once the prosecution has been notified and given the opportunity to respond, the court shall order DNA analysis if it finds that:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of the sentence or administration of justice.

In addition, the court may order DNA analysis if it finds "[a] reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction," and the petitioner has satisfied the other three requirements. Under both the mandatory and discretionary provisions, the petitioner must satisfy all four requirements before DNA analysis will be ordered by the court. See Powers, 343 S.W.3d at 48.

Because the post-conviction court is afforded broad discretion in making determinations under the Act, our review is limited. Jack Jay Shuttle v. State, No. E2003-00131-CCA-R3-PC, 2004 WL 199826, at *4 (Tenn. Crim. App. Feb. 3, 2004). We will not reverse the determination of the post-conviction court unless its judgment is not supported by substantial evidence. State v. Willie Tom Ensley, No. M2002-016090-CCA-R3-PC, 2003 WL 1868647, at *4 n.2 (Tenn. Crim. App. April 11, 2003) (citing State v. Hollingsworth, 647 S.W.2d 937, 938 (Tenn. 1983)).

In Powers v. State, 343 S.W.3d 36 (Tenn. 2011), the Tennessee Supreme Court thoroughly reviewed the Act, its legislative history, and similar statutes in other states to interpret the proper scope and application of the Act. There, the court stated that under the mandatory provision of the Act, a petitioner's argument "must merely establish a probability sufficient to undermine confidence in the decision to prosecute or in the conviction had the State or the jury known of the exculpatory DNA testing results." Id. at 55 (internal quotations omitted). The court noted that the Act requires reviewing courts to "begin with the proposition that DNA analysis will prove to be exculpatory" and consider the effect that favorable DNA results would have had on the prosecution's decision to prosecute and the jury's decision to convict. Id. (citing Jesse Haddox v. State, No. M2003-0514-CCA-R3-PC, 2004 WL 2544556, at *5 (Tenn. Crim. App. Nov. 10, 2004)).

The post-conviction court should consider all available evidence including evidence produced at trial, stipulations of fact by the petitioner or the State, and previous opinions on either direct appeal or post-conviction or habeas corpus proceedings to determine "essential facts of the crime at issue." Powers, 343 S.W.3d at 56. However, the Powers court

emphasized that evidence presented at trial "must be viewed in light of the effect that exculpatory DNA evidence would have had on the fact-finder or the State." Id. at 55. Additionally, previous appeals should not be used "to determine the merits of any claim, that is, whether the reasonable probability threshold has been established." Id. at 56. Instead, the reasonable probability inquiry "requires courts to look at the effect the exculpatory DNA evidence would have had on the evidence at the time of trial or at the time the decision to prosecute was made, not on the evidence as construed by an appellate court in the light most favorable to the State." Id. at 57.

Two cases, Jack Jay Shuttle v. State, No. E2003-00131-CCA-R3-PC, 2004 WL 199826, at *4 (Tenn. Crim. App. Feb. 3, 2004) and Jesse Haddox v. State, No. M2003-0514-CCA-R3-PC, 2004 WL 2544556, at *5 (Tenn. Crim. App. Nov. 10, 2004), provide us with guidance in resolving the issue presented for our review. In Jack Jay Shuttle, this Court reversed a trial court's denial of DNA analysis from a petitioner convicted of the first degree murder of his girlfriend. The petitioner had testified at trial and admitted to killing the victim. However, at the post-conviction hearing, the petitioner testified that he lied under oath at trial and to defense counsel in an attempt to secure a conviction for a lesser included offense. Defense counsel testified, consistently with the defendant, that the defendant initially told him that a third party committed the offense. As in the case sub judice, the post-conviction court denied relief because the petitioner failed to establish that a reasonable probability existed that he would not have been prosecuted or convicted had exculpatory DNA evidence been obtained. In ordering DNA testing, we explained that "the Act was created because of the possibility that a person has been wrongfully convicted or sentenced. A person may be wrongfully convicted based upon mistaken identity or false testimony." Id. at *5 (quoting Ricky Flamingo Brown v. State, No. M2002-02427-CCA-R3-PC, 2003 WL 21352197, at *2 (Tenn. Crim. App. June 13, 2003) (Tipton, J. concurring)); see also Powers, 343 S.W.3d at 55 ("[T]he mere fact that the victim identified the petitioner as the perpetrator should not provide a basis for denying relief."). Therefore, despite the petitioner's testimony at trial, this Court concluded that if DNA testing revealed that the blood under the victim's fingernails and on the petitioner's jeans was not the blood of the victim or the petitioner, it would establish a reasonable probability that he would not have been prosecuted or convicted. Jack Jay Shuttle, 2004 WL 199826, at *6.

Similarly, in Jesse Haddox, the petitioner sought DNA testing of a red baseball cap that the State argued was worn by the perpetrator during the crime. Jesse Haddox, 2004 WL 2544556, at *5 (Tenn. Crim. App. Nov. 10, 2004). The State maintained that it would have prosecuted the petitioner even if the petitioner's DNA was not found on the baseball cap, which lead the trial court to deny DNA testing for failure to establish the reasonable probability standard. Id. at *3. In reversing, this Court clarified that "exculpatory results" does not mean that the DNA analysis "must indicate with certainty that the petitioner is

innocent of the crime in question." Id. at *5. Rather, it provides exculpatory evidence that the jury may consider, along with the other evidence in the case. Id. Applying that rationale to the facts in Jesse Haddox, this Court concluded that a reasonable probability existed that exculpatory evidence from the analysis of the red baseball cap would have created a reasonable doubt in the mind of one or more jurors, which would have precluded a conviction. Id.; cf. Sedley Alley v. State, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095 (Tenn. Crim. App. May 26, 2004) perm. to appeal denied (Tenn. Oct. 4, 2004) (affirming the post-conviction court's conclusion that the reasonable probability standard was not established where existing evidence against the petitioner included a lengthy and detailed confession to police, a bloody head hair that belonged to the victim found on the door of the petitioner's car, blood that matched the victim's blood type found on the door of the petitioner's car, and three eye witnesses that identified the petitioner's car as the vehicle used in the abduction). Therefore, this Court held that the post-conviction court erred in denying the petitioner's DNA analysis request. Jesse Haddox, 2004 WL 2544668, at *5.

Based on the above authority, we conclude that the post-conviction court did not have sufficient facts upon which to conclusively determine whether the Petitioner failed to establish the statutory requirements under the Act. As in Jack Jay Shuttle and Jesse Haddox, the post-conviction court concluded that the Petitioner failed to demonstrate that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis. It denied relief after a review of the testimony presented at trial, this Court's opinion on direct appeal, and the State's appellate brief. The post-conviction court specifically noted that the Petitioner took a witness to the victim's body, made incriminating statements to that witness, was found at the place where the body was later discovered, and called the victim "his old lady." Within the Petitioner's brief to this Court, however, he alleges that the witness or witnesses referred to by the post-conviction court were the perpetrators of the offense. Although one of the witnesses testified at trial that the Petitioner admitted to killing the victim, this fact was omitted from his statement to the police.

The Post-Conviction DNA Analysis Act requires that "the petition need only establish a prima facie case, the basic allegations addressing the qualifying criteria, to instigate a factual assessment." Willie Tom Ensley,, 2003 WL 1868647, at *4 (citing T.C.A. § 40-30-303). Only where the trial court conclusively determines, based upon the contents of the petition, that the petitioner is not entitled to relief is summary dismissal appropriate. Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988); Ensley, 2003 WL 1868647, at *4. While summary dismissal is contemplated by the Act in appropriate circumstances, this court has previously cautioned that "findings of fact upon which rights are granted or denied are best made following an evidentiary hearing." Griffin, 182 S.W.3d at 800. This Court has also noted that a response from the State is contemplated by the Act and would be helpful to

the post-conviction court's determination. <u>Ensley</u>, 2003 WL 1868647, at *4 (citing T. C. A. § 40-30-304). Because there was an insufficient factual basis to support the post-conviction court's summary dismissal of the petition in this case, we reverse the judgment of the post-conviction court and remand this matter for an evidentiary hearing.

## CONCLUSION

Based on the foregoing reasoning and authorities, we conclude that the Petitioner is entitled to an evidentiary hearing to determine whether the statutory requirements of the Act have been met. Accordingly, we reverse the post-conviction court's judgment and remand to the post-conviction court for an evidentiary hearing.

_____
CAMILLE R. McMULLEN, JUDGE