IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 25, 2019

**SEAN PATRICK GOBLE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Greene County**
**No. 15-CR-505    Alex Pearson, Judge by Designation**

———————————

**No. E2018-01659-CCA-R3-PC**

———————————

The Petitioner, Sean Patrick Goble, appeals from the Greene County Criminal Court's summary dismissal of his petition pursuant to the Post-Conviction DNA Analysis Act of 2001 (the Act), Tennessee Code Annotated sections 40-30-301 to -313 (2018). The post-conviction court denied relief on the basis that the results of the DNA analysis would not have exculpated the Petitioner of first degree murder. On appeal, the Petitioner contends that the court erred in dismissing his petition. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Sean Patrick Goble, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Dan E. Armstrong, District Attorney General; Ritchie Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the Petitioner's 1995 first degree murder conviction, for which he received a life sentence. The Petitioner pleaded guilty and did not seek appellate review of the conviction proceedings. In 1997, the Petitioner sought post-conviction relief, but his petition was summarily dismissed as untimely. *See Sean Patrick Gobble v. State*, No. 03C01-9711-CR-00503, 1998 WL 661522, at *1 (Tenn. Crim. App. Sept. 25, 1998), *perm. app. denied* (Tenn. Mar. 8, 1998).

On November 5, 2015, the Petitioner filed the instant post-conviction petition seeking DNA analysis pursuant to the Act. He alleged that his DNA profile had not been compared with the DNA from the victim's vaginal and anal swabs and that an analysis would show that he did not kill the victim. Initially, the State did not respond, and the post-conviction court summarily denied relief on the basis that the petition was untimely. *See Sean Patrick Goble v. State*, No. E2017-01749-CCA-R3-PC, 2018 WL 3410029, at *1 (Tenn. Crim. App. July 12, 2018). On appeal, this court determined that the general one-year statute of limitations governing post-conviction petitions did not apply to petitions requesting DNA analysis pursuant to the Act and remanded this case to the court for consideration of the petition. *Id*.

On August 6, 2018, the State responded to the petition. An April 13, 1995 laboratory report attached to the response showed the analysis of the victim's vaginal and anal swabs contained DNA from the victim and from an unknown person. The State agreed that a comparative analysis of the Petitioner's DNA and the DNA from the unknown person had not been performed. The State also attached the Petitioner's April 13, 1995 written police statement, in which he confessed to killing the victim, identified a photograph of the victim as the person he had killed, identified the location where he had left the victim's body, and drew a map of the area for investigators. The State also attached case notes from Federal Bureau of Investigation (FBI) Agent Thomas R. Snapp. The notes stated that on April 13, 1995, Agent Snapp spoke with the Petitioner after the Petitioner provided the written statement. The notes reflected that, during the conversation, the Petitioner admitted he had lied to Agent Snapp when he initially denied having sexual intercourse with the victim. The State argued that, as a result, the Petitioner had failed to show that the outcome of the trial court proceedings would have been different or that the Petitioner would not have been prosecuted. The State argued that even if an analysis showed the DNA of the unknown person did not match the Petitioner, the victim's sexual activity with someone other than the Petitioner did not exonerate the Petitioner of the murder.

On August 13, 2018, the post-conviction court summarily denied relief. After reviewing the Petitioner's police statement, the court found that the Petitioner "gave a full confession" in which he detailed where he met the victim, how he killed the victim, and where he left the victim's body. The court found that the Petitioner, likewise, drew a diagram "concerning the crime." The court found that the Petitioner initially denied having sexual intercourse with the victim before the killing but that the Petitioner later admitted having intercourse with the victim. The court determined that the inconsistency in the Petitioner's statements was not relevant because the question of whether the victim had intercourse with "one or numerous other individuals does not take away from the fact that the [Petitioner] murdered the victim" and that he admitted it to law enforcement and to the trial court at the guilty plea hearing. The court found that this case involved the Petitioner and the victim meeting at a truck stop, the victim's looking for a ride to another

state, and the Petitioner's killing the victim.  The court determined that the identity of the person whose DNA was found on the victim's swabs did not create a reasonable probability that the Petitioner would not have been prosecuted or convicted.  The court, likewise, determined that the Petitioner's request for DNA analysis was not to demonstrate his innocence but was rather an attempt to "thwart" the administration of justice.  This appeal followed.

The Act provides that persons convicted of first degree murder,

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

T.C.A. § 40-30-303 (2018).  The Act further provides that if certain criteria exist, testing shall be mandatory:

> After notice to the prosecution and an opportunity to respond, the court shall order DNA analysis if it finds that:
>
> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

*Id.* § 40-30-304 (2018).

A post-conviction court is not required to hold a hearing in order to determine whether to grant a petition for DNA testing.  *Powers v. State*, 343 S.W.3d 36, 56 (Tenn. 2011).  The court must dismiss the petition if the petitioner fails to establish each of the four criteria required pursuant to Code section 40-30-304.  *Id.* at 48.   The court's

determination is not subject to reversal unless it is unsupported by substantial evidence. *See Charles E. Jones v. State*, No. W2014-02306-CCA-R3-PC, 2015 WL 3882813, at *3 (Tenn. Crim. App. June 24, 2015), *perm. app. denied* (Tenn. Sept. 21, 2015); *Willie Tom Ensley v. State*, No. M2002-01609-CCA-R3-PC, 2003 WL 1868647, at *4, n.2 (Tenn. Crim. App. Apr. 11, 2003); *see also State v. Hollingsworth*, 647 S.W.2d 937, 938 (Tenn. 1983) (stating that in matters entrusted to the discretion of the trial court, "the appellate court is not authorized to substitute its judgment for that of the trial court when the judgment of the trial court is supported by substantial evidence").

The Petitioner contends that the post-conviction court erred in dismissing his petition requesting DNA analysis. He argues that the DNA comparison he requested satisfied the criteria in Code section 40-30-304. The State responds that the court properly denied the petition for DNA analysis because the Petitioner failed to establish the criteria for analysis. We agree with the State.

In 1995, the Petitioner confessed to killing the victim. His statement reflects that he met the victim at a truck stop, that the victim was looking for a ride to another state, and that he agreed to drive the victim into Virginia. The Petitioner admitted that he strangled her inside his truck, that he drove his truck into Virginia, and that he disposed of her body and her belongings along the road. When he confessed to killing the victim, he drew a map of where he left the victim's remains. Although he initially denied having sexual intercourse with the victim, he later admitted he and the victim had intercourse inside his truck.

We conclude that the post-conviction court did not abuse its discretion by denying the Petitioner's request for DNA testing. The Petitioner told the investigating officers that he had sexual intercourse with the victim before he killed her. The presence of the Petitioner's DNA on the swabs would merely confirm the Petitioner's statement to FBI Agent Snapp. The presence of DNA belonging to someone other than the Petitioner, though, would not exculpate the Petitioner of the victim's killing. The Petitioner admitted in his written statement that he killed the victim and disposed of her remains in Virginia, and he drew a map to the location of the victim's remains. As a result, the record supports the court's determination that the Petitioner failed to establish that he would not have been prosecuted or convicted as a result of the DNA analysis. *See* T.C.A. § 40-30-304(1). The Petitioner is not entitled to relief on this basis.

In determining that the Petitioner is not entitled to relief, we have not overlooked the Petitioner's assertion that his confession should be suppressed because his right to counsel was violated during the interview. However, this is not a cognizable claim for relief pursuant to the Act. The purpose of the Act is to provide for DNA analyses when the statutory criteria have been satisfied. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE