# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 9, 2012 Session

## STATE OF TENNESSEE v. ROBBIE E. PICKETT

**Appeal from the Circuit Court for Marion County**
**No. 8802      Thomas W. Graham, Judge**

**No. M2011-02087-CCA-R3-CD - Filed June 8, 2012**

The defendant, Robbie E. Pickett, pleaded nolo contendere to one count of leaving the scene of an accident involving injury, *see* T.C.A. § 55-10-101. At sentencing, the trial court imposed a sentence of 11 months and 29 days' confinement to be served at 75 percent before reaching release eligibility. On appeal, the defendant argues that the trial court improperly considered as enhancement its opinion that the facts of the case supported a greater charge and that the sentence is excessive. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

M. Keith Davis, Dunlap, Tennessee, for the appellant, Robbie E. Pickett.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Julia Veal, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 4, 2009, the defendant struck a cyclist, Jonathan Crisp, with her vehicle, leaving him in a ditch. The defendant then abandoned her vehicle at the scene and fled the area on foot. The vehicle's shattered driver's-side windshield confirmed the victim's impact. The victim suffered a broken back and injuries to his left arm that required him to be transported via helicopter to Erlanger Hospital in Chattanooga, where he remained hospitalized for a week. On April 5, 2010, the Marion County grand jury charged the defendant with driving on a revoked license, second offense; leaving the scene of accident

involving injury; and failing to render aid. On May 18, 2011, the defendant entered a nolo contendere plea to one count of leaving the scene of an accident involving injury.

At the August 22, 2011 sentencing hearing, the victim, who was legally blind since birth, testified that the victim struck him head on as he was riding his bicycle around a curve on a street near his home. The victim said that he knew the defendant prior to the offense; yet, the defendant never apologized to him for the incident. He also testified that he "keeps headaches now" in addition to suffering from seizures and depression as a result of his injuries.

The victim's mother, Sharon Morphis, testified that the victim was riding his bicycle with a friend, Kyle Melton, on the day of the offense. She said that Mr. Melton immediately came to her home to report the victim's injuries. She went to the scene and found the victim "laying in the ditch lifeless." She said that the damage to the defendant's vehicle revealed that the victim hit the windshield on the driver's side. She opined that the defendant had to have known she had struck the victim. Ms. Morphis said that the victim is in "pain all the time now" and does not interact with friends and family as he did before the offense.

The defendant's sister, Heather Green, testified that the defendant solicited her help in fabricating an alibi. Ms. Green adamantly denied that the defendant was with her when the offense occurred. Ms. Green, who was recently released from jail on a methamphetamine charge, testified that she had not seen her sister since getting out of jail. When asked if her sister abused methamphetamine, Ms. Green testified, "She ain't never told me she used meth, but I mean, we've all been out there on it. I mean, we just been out running around."

In arriving at its sentencing determination, the trial court discredited the defendant's claim of ignorance relative to striking the victim and noted "the fact that there's a smashed windshield is pretty clear, I mean, you would know somebody was there." The court also characterized the incident as "an accident, and [the defendant] panicked." The court further noted that the 36-year-old defendant did not have an extensive criminal history but that all of her prior offenses involved some type of driving offense. The court commented that the defendant's attempts to fabricate an alibi through her sister could have resulted in a subornation of perjury charge and that the defendant "got the benefit of careful consideration of this case to start with" in reference to her being charged with a misdemeanor rather than a felony. The court found that the victim suffered particularly great injuries, *see* T.C.A. §40-35-114(6), and that the defendant had no hesitation about committing a crime when the risk to human life was high, *see id.* § 40-35-114(10), and ordered the defendant to serve 11 months and 29 days in jail with service of 75 percent in actual confinement.

On appeal, the defendant argues that the trial court erroneously considered as enhancement the lenity of the charge and that the sentence imposed is excessive. The State argues that the trial court appropriately considered the nature and characteristics of the defendant's conduct in arriving at its sentencing determination and that the record supports the trial court's sentencing decision. Following our review, we agree with the State.

When there is a challenge to the length of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appellant. *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. *Id.*

In misdemeanor sentencing, the sentencing court is afforded considerable latitude. *See, e.g.*, *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). A separate sentencing hearing is not mandatory in misdemeanor cases, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. *See* T.C.A. § 40-35-302(a). Misdemeanor sentences must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. *State v. Palmer*, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75 percent of the sentence should be fixed for a misdemeanor offender. *Id.* at 393-94. Furthermore, a convicted misdemeanant has no presumption of entitlement to a minimum sentence. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); *State v. Creasy,* 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Although in felony sentencing the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found applicable and its findings of fact, *see* T.C.A. §§ 40-35-209(c), -210(f) (2006), the misdemeanor sentencing statute, in contrast, only requires that the trial court consider the enhancement and mitigating factors when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty status and related rehabilitative programs," *id.* § 40-35-302(d) (2006); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998).

In this case, the record reflects that the trial court gave proper consideration to all sentencing principles and the facts and circumstances of the offense. We are unconvinced the victim's severe bodily injuries serve to enhance the defendant's sentence via code section 40-35-114(6); the injuries occurred prior to the commission of the conviction offense. As

noted by the trial court, however, the defendant fled the accident scene and "left [the victim] to die for all she knew." These facts support the trial court's consideration of enhancement factor (10). Further, the trial court's remark regarding the lenity of the charged offense, in our view, was an apt comment on the "nature and characteristics of the criminal conduct," *see* T.C.A. § 40-35-210(b)(4), involved in this case. As such, the trial court's consideration was not erroneous. *See, e.g.*, *State v. Hollingsworth*, 647 S.W.2d 937 (Tenn. 1983) (holding appropriate the trial court's examination of the facts of the offense versus the pleaded offense in determining suitability for probation). The defendant has failed to overcome her burden to show that the sentence was improper.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE